James A. Stroup State Controller Department of Administration 1525 Sherman Street, Room 706 Denver, Colorado 80203
Dear Mr. Stroup:
This letter is in response to your request for a formal opinion concerning your ability, under current state law, to implement a payroll system in which payday for employees in the state personnel system is after the end of the designated pay period and after work and leave time for the applicable pay period has been reported.
QUESTION PRESENTED AND CONCLUSION
Whether existing state law permits state personnel system employee payrolls to be lagged beyond the end of the applicable pay period?
My conclusion is that it does.
ANALYSIS
Section 24-50-104(1)(a), C.R.S. (1982) provides that salaries of positions in the state personnel system "shall be paid . . .on or as of the last working day of each month" and that "calculations for monthly salaries due shall be made in advance of payday." (emphasis added). Under the current fiscal rules employees assigned to a regular payroll are paid on the last working day of the month. 1 CCR 101-2, section 2.45. Because payday coincides with the end of the applicable pay period, calculations of the monthly salaries due are necessarily made in advance of the end of the pay period, preventing verification of the actual time worked during such period. Under the payroll system you propose, calculations of monthly salaries due and actual payment would be made after the close of the applicable pay period. It is my opinion that such a system is permissible.
Section 24-50-104(1)(a), C.R.S. (1982) permits payment of salaries to be made either on the last working day of the month, as is the current practice, or "as of" such date. Courts interpret the phrase "as of" to mean "as if it were."United States v. Munro-Van Helms Company, Inc.,243 F.2d 10, 11 (5th Cir. 1951); Horwitz v. New York Life Ins.Co., 80 F.2d 295, 299 (9th Cir. 1935). For example, the Supreme Court of Idaho recognized the impossibility of performing a census population count in one day and interpreted the statutory directive that the census be taken "as of the 1st day of April" to permit the population count to be performed after April 1 but as the population actually existed as a fact on that date. City of Twin Falls v. Koehler, 123 P.2d 715, 717
(1942). Similarly, section 24-50-104(1)(a) can be read to permit payroll calculations to be made after the end of the period, when actual time worked is verifiable, with actual payment being made subsequent to but as if it were the last working day of the pay period.[1] The statute requires payroll calculations to be made prior to payday, not prior to the end of the pay period. Payroll calculations can be performed after the end of the pay period and in advance of payday if payday occurs after but "as of" the end of the pay period.
SUMMARY
Current state law permits state personnel system employee payrolls to be lagged beyond the end of the applicable pay period.
Very truly yours,
 DUANE WOODARD Attorney General
EMPLOYEES, PUBLIC SALARIES STATUTORY CONSTRUCTION
Section 24-50-104(1)(a), C.R.S. (1982)
ADMINISTRATION, DEPT. OF ACCOUNTS CONTROL DIV. OF
Current state law permits state personnel system employee payrolls to be lagged beyond the applicable pay period.
[1] Section 8-4-105(1), C.R.S. (1973) recognizes the employer's interest in accurately calculating employee payroll prior to payment and permits employers affected thereby to establish paydays up to 10 days after the end of the applicable pay period.